[In Bank. — March 29, 1883.]
THE PEOPLE ETC., APPELLANTS, *v.* M. RIGNEY
ET AL. RESPONDENTS.

SACRAMENTO — CHARTER OF — POWER OF TAXATION UNDER. — The several acts of the legislature subsequent to the original charter of the city of Sacramento gives authority for the levy and collection of taxes in addition to those specified in such charter, and constitutes an enlargement of the taxing power conferred by the charter.

APPEAL from a judgment of the Superior Court of the county of Sacramento.

The action was brought to recover delinquent taxes levied by the board of trustees of the city of Sacramento for the fiscal year 1882–83. The levy was for a general tax of one dollar on one hundred, a fire department tax of twenty-four cents, a school tax of thirty cents, a levee tax of eighteen cents, a police tax of sixteen cents, a redemption tax of seven cents, and a library tax of five cents; making a total of two dollars. The charter of the city passed April 25, 1863, authorized a levy of one per cent. The Statute of 1872 authorized a fire department tax, the Act of January 18, 1870, a school tax, the Act of March 30, 1878, a levee tax, the Act of March 6, 1872, a police tax, the act of March 31, 1876, a redemption tax, and the Act of April 26, 1880, a library tax.

It was contended by defendants that these several acts were not an enlargement of the taxing power, but were intended merely to direct the application of the general tax of one per cent authorized by the charter—that the levy in excess of one per cent was void.

The complaint was demurred to and the demurrer sustained.

*H. L. Buckley, W. A. Anderson, Catlin & Hamburger,* and *Freeman & Bates,* for Appellants.

It is claimed that the city levy must be limited to one per cent. We propose to show an express authority for every cent levied.

The levy of a general tax of one per cent is sanctioned by sections 2 and 25 of the Charter, passed April 25, 1863. (Devlin's Comp. pp. 4 and 19.)

This is specifically appropriated by section 26 of the Charter, as follows:—

55 per cent thereof to a sinking fund.

8 per cent thereof to a school fund.

7 per cent thereof to a fire department.

30 per cent thereof to a general fund.

The fact that the proceeds of this tax are thus appropriated confutes the theory that levies subsequently authorized were to be paid out of the general tax.

The fire department levy is authorized by Statute of 1872, sections 9 and 10. (Devlin's Comp. pp. 80, 81.)

The school tax. (See Devlin, p. 56, § 2.)

The levee tax. (See Devlin, p. 68, § 1, and p. 72, § 3.)

The police tax. (See Devlin, p. 93.)

The Fowle bond tax. (See Devlin, p. 113.)

The library tax. (§ 15,068 Hittell's Codes.)

*R. T. Devlin, J. W. Armstrong,* and *J. H. McKune,* for Respondent.

The respondent claims that the limitation of the taxing power in the board of trustees to one per cent per annum is still in force, and that so far as subsequent statutes have authorized the levy of taxes (special or general) they only direct what shall be done with the taxes raised by the levy of one per cent or less.

He also claims that the several acts under which the authorities of the city assume the right to enlarge the levy of taxes beyond one per cent are inoperative and void.

Assuming (for the argument) that the said acts passed subsequent to the charter are operative, do they enlarge the power in the board of trustees to tax? The rule is well settled that in the construction of statutes effect must be given to each provision if possible.

The limitation in the power to tax contained in the charter of Sacramento is perfectly consistent with the subsequent acts cited. The several taxes may be levied and yet not exceed the one per cent limit, and so all provisions stand and have full force and effect. (9 Cowen, 546.)

This principle is illustrated in the *Mayor etc.* v. *Magruder,* 34 Md. 381.

The several acts conferring the additional powers of taxation are unconstitutional. (Art. 4, §§ 25, 31, and 37, Const.; *Billings* v. *Harvey,* 6 Cal. 383; *State* v. *Ingersoll,* 17 Wis. 631; *State* v. *Andrews,* 20 Tex. 230; *Blakemore* v. *Dolan,* 50 Ind. 194; Cooley Cons. Lim. 185.)

Per Curiam. — We are of opinion that under the charter of the city of Sacramento and the several subsequent acts of the legislature for the levy of the respective taxes therein named,

the trustees of the city had authority to make the tax levy in controversy. The several acts subsequent to the original charter gave authority for the levy and collection of taxes in addition to those specified in such original charter, and constituted an enlargement of the taxing power conferred by the charter.

Judgment reversed, and cause remanded with instructions to overrule the demurrer.

McKEE, J., dissented.

Rehearing denied.